1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   LEO A. BAUTISTA SB# 149889
2     E-Mail: Leo.Bautista@lewisbrisbois.com
   GRIFFEN J. THORNE, SB# 306152
3     E-Mail: Griffen.Thorne@lewisbrisbois.com
   633 West 5th Street, Suite 4000
4  Los Angeles, California 90071
   Telephone: 213.250.1800
5  Facsimile: 213.250.7900

6  Attorneys for Plaintiff
   LOS ANGELES POLICE PROTECTIVE
7  LEAGUE

8                  UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11 LOS ANGELES POLICE                   CASE NO.
12 PROTECTIVE LEAGUE, a California
   public benefit corporation,          COMPLAINT FOR
13
              Plaintiff,                 1.  **TRADEMARK**
14                                           **INFRINGEMENT AND UNFAIR**
        vs.                                  **COMPETITION (15 U.S.C. §**
15                                           **1114);**
   THIN BLUE LINE REPORTING          2.  **FALSE ADVERTISING AND**
16 LLC, an Arizona limited liability        **UNFAIR COMPETITION (15**
   company, THIN BLUE LINE                  **U.S.C. § 1125(a));**
17 REPORTING  HQ LLC, a Delaware     3.  **UNFAIR COMPETITION /**
   limited liability company, JACOB         **FRAUDULENT BUSINESS**
18 RHOADS, an individual, and DOES 1-       **PRACTICE (Bus. & Prof. Code §**
   10,                                      **17200 *et seq.*) (Count I)**
19                                      4.  **UNFAIR COMPETITION /**
   Defendants.                              **DECEPTIVE ADVERTISING**
20                                          **(Bus. & Prof. Code § 17500 *et**
                                            **seq.*)**
21                                     5.  **DECLARATORY RELEIF**
22
                                       **JURY TRIAL DEMANDED**
23

24

25       Plaintiff LOS ANGELES POLICE PROTECTIVE LEAGUE ("LAPPL" and

26 "Plaintiff") as for its Complaint against Defendants THIN BLUE LINE

27 REPORTING LLC, THIN BLUE LINE REPORTING HQ LLC, JACOBS

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  RHOADS, and Does 1-10 (collectively "Defendants"), alleges as follows:

2  **JURISDICTION AND VENUE**

3      1.    This action arises under the United States Lanham Act, 15 U.S.C.

4  §1051 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §2201(a).  This Court

5  has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b).

6  This Court has supplemental subject matter jurisdiction over Plaintiffs' state law

7  claims pursuant to 28 U.S.C. § 1367(a), since they are so related to the federal

8  claims that they form part of the same case or controversy and derive from a

9  common nucleus of operative facts.

10      2.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§

11  1391(b) and (c). On information and belief, Defendants are deemed to reside in this

12  District, and a substantial part of the events giving rise to this action occurred in this

13  District.

14  **THE PARTIES**

15      3.    Plaintiff LOS ANGELES POLICE PROTECTIVE LEAGUE

16  ("LAPPL") is a non-profit mutual benefit corporation organized and existing under

17  the laws of the State of California with its principle place of business at 1308 West

18  8th Street, Suite 200, Los Angeles, CA 90017.

19      4.    On information and belief, Defendant THIN BLUE LINE

20  REPORTING LLC, is an Arizona limited liability company which is based in

21  California and has been registered to conduct business in the State of California and

22  which has maintained a place of business in Claremont, California.

23      5.    On information and belief, Defendant THIN BLUE LINE

24  REPORTING HQ LLC is a Delaware limited Liability company which has

25  maintained a place of business in Claremont, California.

26      6.    On information and belief, Defendant JACOB RHOADS is an

27  individual residing in the State of California and is Chief Executive, managing

28  member and directing officer of THIN BLUE LINE REPORTING LLC and THIN

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  BLUE LINE REPORTING HQ LLC referenced above.

2      7.      Plaintiff is informed and believes, and thereon alleges, that Defendants

3  were at all times material hereto the agents, servants, and employees of each of the

4  other Defendants and were acting within the course and scope of such agency and

5  employment in doing the things herein alleged.  Whenever reference is made herein

6  to the corporate Defendants performing or failing to perform any act, such shall be

7  construed to mean that the officers, directors, control persons, supervisors,

8  managers, employees, and agents of said corporate defendant preformed, failed to

9  perform, authorized, ratified, or permitted such acts or failures to act while engaged

10  in the furtherance of the business or operations of said corporate defendant and

11  while acting within the course and scope of their corporate authority and

12  employment.

13      8.      Plaintiff is currently unaware of the true names and capacities of the

14  Defendants named herein as Does 1 through 10, inclusive, and Plaintiff therefore

15  sues said Defendants by those fictitious names.  Plaintiff will request leave of this

16  Court to amend this Complaint to state their true names and capacities when it

17  ascertains the same.  Plaintiff alleges, on information and belief, that each such

18  fictitiously named Defendant is in some manner responsible for the acts alleged

19  herein and that such Defendants proximately caused the injuries alleged herein.

20              **FACTS COMMON TO ALL ALLEGATIONS**

21      9.      LAPPL is an organization dedicated to the protection and service of

22  members of the Los Angeles Police Department, which is the third largest police

23  department in the United States.  The origins of the LAPPL date from 1922 when

24  the Los Angeles Police and Fire Departments banded together under one group to

25  establish a retirement system for the City's police officers and firefighters.

26      10.      In 1923, the Police and Fire Protective League was established to

27  protect the newly established retirement system.  In 1973, the Police and Fire

28  League separated into two organizations. The Los Angeles Police Protective League

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 was established as the recognized bargaining organization to represent Los Angeles

2 police officers from the rank of police officer to lieutenant.  The LAPPL currently

3 represents the more than 9,900 dedicated and professional sworn members of the

4 Los Angeles Police Department and serves to advance the interests of LAPD

5 officers through legislative and legal advocacy, political action and education.

6       11.    Thus, the LAPPL's notoriety and fame is closely aligned with that of

7 the Los Angeles Police Department.  Because of its size, prominence, and proximity

8 to the entertainment industry and its ubiquitous appearances in television and movie

9 productions and media, the Los Angeles Police Department is one of the most well

10 known and recognized police departments in the world and is commonly known as

11 the LAPD.

12       12.    Since at least 1979, the LAPPL has continuously distributed its

13 monthly publication The Thin Blue Line among the law enforcement community,

14 including those presently and formerly associated with the LAPD and its officers,

15 public officials, members and officials of other police departments, including the

16 NYPD, Chicago Police Department, Boston Police Departments and others.

17       13.    Since its inception, over 400 issues and 4,000,000 physical copies of

18 The Thin Blue Line have been distributed in the United States.

19       14.    The LAPPL also promotes, distributes, and displays The Thin Blue

20 Line publication electronically over the internet via its website and mobile website

21 located at "LAPD.com."  Since the LAPPL's website at "LAPD.com" was launched

22 in around 1998, the LAPPL has prominently featured The Thin Blue Line trademark

23 on its home page.  The homepage of the LAPPL's website at LAPD.com has thus

24 resulted in millions of additional views of it's the Thin Blue Line trademark online

25 since 1998.

26       15.    Throughout its existence, The Thin Blue Line publication has also been

27 identified with and known by its acronym and trademark TBL and TBL has been

28 continuously used and displayed as a reference to the publication.  The TBL

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4831-8068-9964.2
4
COMPLAINT

1  trademark is also displayed on the home page of LAPD.com as a reference to the

2  publication and serves as a link to The Thin Blue Line articles and archive of past

3  issues. This is especially true in the mobile version of the website. These links

4  displaying the mark the TBL have been used thousands of times by the general

5  public to access The Thin Blue Line and its contents online.

6      16.    Further establishing its rights in the marks, the LAPPL owns the federal

7  registration for the trademark THE THIN BLUE LINE, United States Trademark

8  Registration No. 1,534,259, and a pending application for registration of the mark

9  TBL, Serial No. 87/096,186. True and correct copies of documents evidencing

10 Registration No. 1,534,259, and application, Serial No. 87/096,186 are attached

11 hereto as Exhibits "A" and "B" respectively. Thus, in addition to its common law

12 trademark rights with respect to THE THIN BLUE LINE and TBL trademarks, the

13 LAPPL owns federal trademark rights in the mark as shown and depicted in United

14 States Trademark Registration No. 1,534,259, and application Serial No.

15 87/096,186..

16     17.    As such, LAPPL has spent over 36 years and substantial sums,

17 offering, promoting, and distributing its service offered under the trademarks The

18 Thin Blue Line and TBL (collectively "the TBL Marks") across the United States

19 and internationally, by distribution of millions of physical copies and electronic

20 versions over the Internet, creating in the public's mind a recognition of the TBL

21 Marks as a source of information and services related to law enforcement activity

22 and as originating from the LAPPL.

23     18.    Plaintiff is informed and believes and thereon alleges that Defendant

24 Thin Blue Line Reporting LLC was formed on or about July 12, 2013 for the

25 purpose of marketing a law enforcement related mobile application reporting service

26 to the law enforcement community throughout the United States, including

27 California, under the confusingly similar trademark Thin Blue Line Reporting.

28     19.    Plaintiff is informed and believes and thereon alleges that Defendant

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Thin Blue Line Reporting HQ LLC was formed on or about July 25, 2014 to assist

2  Defendant Thin Blue Line Reporting LLC in its endeavors.

3       20.    Plaintiff is informed and believes and thereon alleges that Defendant

4  Jacob Rhoads is the Chief Executive and a founder and directing member of Thin

5  Blue Line Reporting LLC and a founder and directing member of Thin Blue Line

6  Reporting HQ LLC and has, at all relevant times, directed their activities in

7  connection with the matters alleged herein.

8       21.    Plaintiff is informed and believes and thereon alleges that Defendants'

9  product was designed to target and be sold specifically to police departments and

10 law enforcement personnel as a method to document and report information

11 regarding law enforcement activity to other members of the law enforcement

12 community and to their respective police departments.

13      22.    Plaintiff is informed and believes and thereon alleges that commencing

14 on or about July 2013, Defendants Thin Blue Line Reporting LLC and Jacob

15 Rhoads in fact started marketing their service over the Internet and otherwise, under

16 the confusingly similar name Thin Blue Line Reporting to police departments and

17 law enforcement individuals throughout the United States, including various

18 departments in California, including, the Santa Cruz Sherriff's Office, and other

19 police departments in California in close proximity to the LAPPL.  Plaintiff is

20 informed and believed that the Defendants have recently commenced marketing

21 their service directly to the Los Angeles Police Department under the confusingly

22 similar name Thin Blue Line Reporting.

23      23.    Plaintiff further alleges on information and belief that Thin Blue Line

24 Reporting LLC and Jacob Rhoads were joined in their endeavor by Defendant Thin

25 Blue Line Reporting HQ LLC upon its formation.  All Defendants are therefore

26 marketing their services under the confusingly similar mark to the exact same law

27 enforcement population and segment of the general market that is the LAPPL's

28 primary audience and market for The Thin Blue Line publication.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    24.   On or about March 6, 2014, Defendant Thin Blue Line Reporting LLC,

2    filed an application with the United States Patent and Trademark Office ("USPTO"),

3    Serial No. 86213457 to register the mark THIN BLUE LINE REPORTING in

4    connection with "Software for law enforcement and the provision of safety and

5    security services which enables users to garner, exchange, and share information" in

6    International Class 9.

7    25.   Upon learning of Defendant's pending trademark application, the

8    LAPPL filed an Opposition to the application which is currently pending before the

9    Trademark Trial and Appeal Board ("TTAB") as Opposition Proceeding No.

10   91218212.   The LAPPL's opposition is based on the grounds that Defendant's

11   proposed trademark so resembles the mark THE THIN BLUE LINE previously used

12   and registered by the LAPPL as to be likely, when applied to the services of

13   Defendants, to cause confusion, or to cause mistake, or to deceive, in violation of

14   Section 2(d) of the Lanham Act, 15 U.S.C. §1052.

15   26.   In response to the LAPPL's Opposition action, Defendant Thin Blue

16   Line Reporting LLC filed a frivolous counter-claim for cancellation with the TTAB

17   on or about October 26, 2014, seeking cancellation of the LAPPL's registration of

18   the trademark THE THIN BLUE LINE, Registration No. 1,534,259, on the asserted

19   grounds that the LAPPL's mark is generic for the LAPPL's goods and services and

20   is therefore not entitled to registration pursuant to 15 U.S.C. § 1064(3).

21   27.   In discussions related to the above-referenced TTAB proceedings,

22   Plaintiff has demanded that Plaintiff cease use of the TBL Marks.   However,

23   Plaintiff is informed that during the pendency of the TTAB proceedings between the

24   parties, Defendants have continued to promote, advertise and market their service

25   under the name and confusingly similar trademark THIN BLUE LINE

26   REPORTING to police departments and police personnel nationwide and to other

27   police organizations in California, including more recently to the LAPD.

28   28.   Due to the confusing similarity between the marks and Defendants'

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  specific marketing to the LAPPL's law enforcement related audience of The Thin

2  Blue Line publication, among other things, Defendants' activities are likely to create

3  a false impression and deceive consumers and the public into believing that an

4  association exists between the LAPPL's The Thin Blue Line publication and

5  Defendants' services.

6      29.     The LAPPL is suffering, and will continue to suffer, irreparable injury

7  and damage as a result of Defendants' activities.

8

## FIRST CLAIM FOR RELIEF

## (Trademark Infringement and Unfair Competition 15 U.S.C. §1114)

## (Against all Defendants)

12

13      30.     Plaintiff incorporates by this reference the averments of Paragraphs 1

14  through 29, above, as though fully set forth herein.

15      31.     Defendants have infringed the LAPPL's TBL Marks through the use of

16  a similar mark to promote their online mobile application and reporting services to

17  the law enforcement community and the general public as alleged above.

18      32.     Defendants' use of a mark confusingly similar to the TBL Marks in

19  connection with their goods and services is likely to confuse, mislead and deceive

20  the public as to the origin of the marks and Defendants' associated goods and

21  services.

22      33.     Defendants' activities described above constitute infringement of the

23  LAPPL's rights in its federally registered mark under 15 U.S.C. § 1114.

24      34.     Defendants' acts of infringement are made with Defendants'

25  knowledge of their capacity to deceive and were thus committed willfully and

26  intentionally with the intent to trade on the goodwill and positive reputation of the

27  LAPPL and the TBL Marks.  By reason of the above acts of infringement, the

28  LAPPL has been, and will continue to be, damaged in an amount to be proven at

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  trial.

2    35. Such acts of infringement were made with the Defendants' knowledge

3  of their capacity to deceive and were thus committed intentionally and willfully.  By

4  reason of the above acts of infringement, the LAPPL has been, and will continue to

5  be, damaged in an amount to be determined at trial.

6    36. If Defendants are permitted to continue their willful and deliberate acts

7  of infringement, the LAPPL will be irreparably harmed.  Monetary damages alone

8  cannot compensate the LAPPL for the harm that Defendants will cause to the

9  LAPPL.  The LAPPL is entitled to injunctive relief prohibiting the Defendants from

10  using the TBL Marks or any confusingly similar marks in connection with their

11  products and services.

12

13  **SECOND CLAIM FOR RELIEF**

14  **(Federal Unfair Competition -- Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

15  **(Against All Defendants)**

16

17    37. Plaintiff incorporates by this reference the averments of Paragraphs 1

18  through 36, above, as though fully set forth herein.

19    38. Defendants have infringed the LAPPL's TBL Marks through the use of

20  similar marks to promote their mobile application and reporting services to the law

21  enforcement community and the general public as alleged above.

22    39. Defendants' use of marks confusingly similar to the TBL Marks in

23  connection with their goods and services is likely to confuse, mislead and deceive

24  the public as to the origin of the marks and Defendants' associated goods and

25  services.

26    40. Defendants' activities described above constitute infringement of the

27  LAPPL's rights in its federally registered mark under 15 U.S.C. § 1114.

28    41. Defendants' acts of infringement are made with Defendants'

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4831-8068-9964.2

1  knowledge of their capacity to deceive and were thus committed willfully and

2  intentionally with the intent to trade on the goodwill and positive reputation of the

3  LAPPL and the TBL Marks.  By reason of the above acts of infringement, the

4  LAPPL has been, and will continue to be, damaged in an amount to be proven at

5  trial.

6        42.    Such acts of infringement were made with the Defendants' knowledge

7  of their capacity to deceive and were thus committed intentionally and willfully.  By

8  reason of the above acts of infringement, the LAPPL has been, and will continue to

9  be, damaged in an amount to be determined at trial.

10        43.    If Defendants are permitted to continue their acts of infringement, the

11  LAPPL will be irreparably harmed.  Monetary damages alone cannot compensate

12  the LAPPL for the harm that Defendants will cause to the LAPPL.  The LAPPL is

13  entitled to injunctive relief prohibiting the Defendants from using the TBL Marks or

14  any confusingly similar marks in connection with their products and services.

15        44.    By the foregoing, the Defendants are likely to cause, have caused, and

16  continue to cause irreparable injury to the LAPPL such as by lessening of the

17  goodwill which its goods and services enjoy with the buying public.  The LAPPL

18  has no adequate remedy at law, and has been and is likely to continue to be damaged

19  in an amount as yet unknown, but to be proved at trial, by the Defendants'

20  misleading and deceptive actions and practices.  The Defendants' acts will be

21  ongoing unless enjoined by this Court.

22        45.    The LAPPL, to preserve its good will and reputation, is, therefore,

23  entitled to an injunction prohibiting the Defendants' further misconduct.

24

25  **THIRD CLAIM FOR RELIEF**

26  **(Unfair Competition / Unfair Business Practice – Violation of Cal. Bus. Prof.**

27  **Code § 17200 *et seq.*)**

28  **(Against All Defendants)**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

46.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 45 above, as though set forth fully herein.

47.    Defendants' acts of infringement are unlawful, unfair and/or fraudulent, and constitutes a violation of the Unfair Business Practices law, codified in Business & Professions, §17200, *et seq.*  Among other things, such conduct is deceptive and injures consumers as well as Plaintiff and significantly harms or threatens competition.

48.    Plaintiff has no adequate remedy at law for the injuries caused by Defendants' conduct, acts, and omissions, and will be irreparably harmed if such acts and omissions are not enjoined.  Plaintiff is entitled to injunctive relief to prohibit these acts and omissions and/or continued threatened acts of Defendants, to prevent such irreparable harm from happening in the future.

49.    Plaintiff is entitled to restitution and injunctive relief pursuant to California Business & Professions Code §17203.

## FOURTH CLAIM FOR RELIEF

**(Unfair Competition/Deceptive Advertising Bus. & Prof. Code § 17500 *et seq.*)**

**(By All Plaintiffs against All Defendants)**

50.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 49 above, as though set forth fully herein.

51.    Defendants' conduct as alleged herein, was and is false or misleading advertising which is likely to, and has, caused deception of the general public, and constitutes a violation of the Unfair Competition law, codified in Business & Professions, §17500, *et seq.*  Among other things, such conduct is deceptive and injures consumers as well as Plaintiff.

52.    Plaintiff is informed and believes and based thereon alleges that in

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  marketing and disseminating theses statements defendants knew, or by the exercise

2  of reasonable care should have known, that the statements were untrue or

3  misleading.

4      53.    Plaintiff has no adequate remedy at law for the injuries caused by

5  Defendants' conduct, acts, and omissions, and the general public will be irreparably

6  harmed if such acts and omissions are not enjoined.  Plaintiff is entitled to injunctive

7  relief to prohibit these acts and omissions and/or continued threatened acts of

8  Defendants, to prevent such irreparable harm from happening in the future.

9      54.    As a result of Defendants' conduct, acts and omissions, Plaintiff is

10  entitled to equitable restitution of any and all profits, revenues, compensation or

11  other payments obtained by Defendants as a result of their acts of false advertising.

12

13                    **FIFTH CLAIM FOR RELIEF**

14      **(Declaratory Judgment Regarding Pending Opposition to Trademark**

15  **Application Serial No. 86213457 and Pending Counter-Claim for Cancellation**

16              **of Trademark Registration No. 1,534,259)**

17

18      55.    Plaintiff incorporates by reference the allegations contained in

19  Paragraphs 1 through 55 above, as though set forth fully herein.

20      56.    This is an action for declaratory judgment under 28 U.S.C. §2201

21  predicated on the Declaratory Judgment Act by reason that the action arises under

22  the trademark laws of the United States.

23      57.    On or about March 6, 2014, Defendant Thin Blue Line Reporting LLC,

24  filed an application with the United States Patent and Trademark Office ("USPTO"),

25  Serial No. 86213457 to register the mark THIN BLUE LINE REPORTING in

26  connection with "Software for law enforcement and the provision of safety and

27  security services which enables users to garner, exchange, and share information" in

28  International Class 9.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

58.    Upon learning of Defendant's pending trademark application, the LAPPL filed an Opposition to the application which is currently pending before the Trademark Trial and Appeal Board ("TTAB") as Opposition Proceeding No. 91218212.

59.    LAPPL alleges in the Opposition that Defendant's proposed mark THIN BLUE LINE REPORTING is confusingly similar to THE THIN BLUE LINE mark previously registered by LAPPL as set forth above.  Both marks share the dominant elements and phrase "Thin Blue Line" and the goods and services offered by each party under the respective marks are both primarily directed to individuals and entities associated with police and law enforcement.

60.    LAPPL further alleges that Defendant's proposed trademark so resembles the mark THE THIN BLUE LINE previously used and registered as Registration No. 1,534,259 by the LAPPL as to be likely, when applied to the services of Defendants, to cause confusion, or to cause mistake, or to deceive, in violation of Section 2(d) of the Lanham Act, 15 U.S.C. 1052.

61.    In response to the LAPPL's Opposition action, Defendant Thin Blue Line Reporting LLC filed a frivolous Counterclaim to cancel Plaintiff's registration with the TTAB on or about October 26, 2014, seeking cancellation of the LAPPL's registration of the trademark THE THIN BLUE LINE, Registration No. 1,534,259, on the asserted grounds that the LAPPL's mark is generic for the LAPPL's goods and services and is therefore not entitled to registration pursuant to 15 U.S.C. § 1064(3).

62.    LAPPL alleges that its mark is not generic and that Defendant's Counterclaim to cancel should be dismissed.

63.    Accordingly, based on the harm the Defendant's opposed mark causes, LAPPL requests a declaratory judgment and order that U.S. Trademark Application Serial No. 86213457 is in violation of Section 2(d) of the Lanham Act, 15 U.S.C. § 1052 and should be refused registration.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    64.    LAPPL further requests a declaratory judgment and order that

2  Defendant's Counterclaim to cancel registration of the trademark THE THIN BLUE

3  LINE, Registration No. 1,534,259, should be dismissed.

4

5                                **PRAYER**

6    WHEREFORE, Plaintiffs pray for judgment as follows:

7    1.    That judgment be entered in favor of Plaintiff and against all

8  Defendants on all claims for relief in Plaintiff's Complaint.

9    2.    For damages suffered by Plaintiff in an amount to be proven at trial on

10  all of Plaintiffs' claims for relief.

11    3.    For punitive damages according to proof.

12    4.    For Plaintiff's costs of suit herein including attorneys' fees.

13    5.    For a declaratory judgment and order that U.S. Trademark Application

14  Serial No. 86213457 is in violation of Section 2(d) of the Lanham Act, 15 U.S.C.

15  1052 and should be refused registration.

16    6.    For a declaratory judgment and order that Defendant's Counterclaim to

17  cancel registration of the trademark THE THIN BLUE LINE, Registration No.

18  1,534,259 should be dismissed.

19    7.    For an injunction against Defendants prohibiting their infringement of

20  Plaintiff's TBL Marks.

21    8.    For such other and further relief as the Court deems just and proper.

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4831-8068-9964.2

14

COMPLAINT

1   DATED: July 8, 2016

2

LEO A. BAUTISTA
GRIFFEN J. THORNE
LEWIS BRISBOIS BISGAARD & SMITH LLP

3

4

5   By:        /s/ Leo A. Bautista

6           Leo A. Bautista
        Attorneys for Plaintiff Los Angeles Police
7       Protective League

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4831-8068-9964.2

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. Pro. Rule 38, Plaintiff hereby demands a trial by jury on all issues set forth herein that are properly triable to a jury.

DATED: July 8, 2016

LEO A. BAUTISTA
GRIFFEN J. THORNE
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____/s/ Leo A. Bautista_____
Leo A. Bautista
Attorneys for Plaintiff Los Angeles Police
Protective League

4831-8068-9964.2

16
COMPLAINT

**EXHIBIT A**

Int. Cl.: 16

Prior U.S. Cl.: 38

Reg. No. 1,534,259

## United States Patent and Trademark Office

Registered Apr. 11, 1989

### TRADEMARK
### PRINCIPAL REGISTER

## THE THIN BLUE LINE

LOS ANGELES POLICE PROTECTIVE LEAGUE (CALIFORNIA NON-PROFIT MUTUAL BENEFIT CORPORATION)
600 EAST 8TH STREET
LOS ANGELES, CA 90014

FOR: NEWSPAPER AND MAGAZINE PUBLISHED FOR POLICE, IN CLASS 16 (U.S. CL. 38).

FIRST USE 11-0-1979; IN COMMERCE 11-0-1979.

SER. NO. 743,476, FILED 8-1-1988.

AMY C. BIXLER, EXAMINING ATTORNEY

**EXHIBIT B**

**Bautista, Leo**

| | |
|---|---|
| **From:** | TEAS@uspto.gov |
| **Sent:** | Thursday, July 07, 2016 12:55 PM |
| **To:** | Bautista, Leo; Espinoza, Toni |
| **Subject:** | 21218-12 Serial number 87096186: Received Your Trademark/Service Mark Application, Principal Register |

1. **YOUR MARK:** TBL (Standard Characters, mark.jpg)
   The literal element of the mark consists of TBL.
   The mark consists of standard characters, without claim to any particular font, style, size, or color.

2. **YOUR SERIAL NUMBER:** We have received your U.S. Trademark Application and assigned serial number '87096186' to your submission. A summary of your application data is provided at the bottom of this message and serves as your official filing receipt. Please keep a copy of this information for your records. All correspondence concerning the application should reference your assigned serial number.

   Please read all of the important information below. Not every mark is registrable with the USPTO and we do not refund the application filing fee(s) if a registration does not ultimately issue.

3. **RECEIVING E-MAIL COMMUNICATIONS/FILING DOCUMENTS ON-LINE:** Because you have authorized receipt of correspondence by e-mail, please make sure that your server will accept USPTO e-mail and not treat it as SPAM. If you must submit correspondence to us, please use the Trademark Electronic Application System (TEAS) forms, available at http://www.uspto.gov/trademarks/teas/index.jsp. Applicants who filed their application online using the lower-fee TEAS RF application form must (1) continue to submit certain documents online using TEAS, including responses to Office actions (see http://www.uspto.gov/trademarks/teas/required_teas_filings.jsp for a complete list of these documents); (2) accept correspondence from the USPTO via e-mail throughout the examination process; and (3) maintain a valid e-mail address. TEAS RF applicants who do not meet these three requirements must submit an additional processing fee of $50 per international class of goods/services. However, in certain situations, authorizing an examiner's amendment by telephone will not incur this additional fee.

4. **KEEP YOUR ADDRESS CURRENT IN USPTO RECORDS:** We do not extend filing deadlines due to a failure to receive USPTO mailings/e-mailings. You must update the correspondence and/or owner's address if a postal address and/or e-mail address changes, using the form(s) available at http://www.uspto.gov/trademarks/teas/correspondence.jsp.

5. **WARNING ABOUT UNSOLICITED COMMUNICATIONS:** You may receive trademark-related communications from private companies not associated with the USPTO. These communications frequently display customer-specific information, including your USPTO serial number or registration number and owner name, and request fees for trademark-related services, such as monitoring, listings in international publications, and document filing. None of the companies offering these services are affiliated with the USPTO or any other federal agency. All official correspondence will be from the "United States Patent and Trademark Office" in Alexandria, VA, and if by e-mail, specifically from the domain "@uspto.gov." Please consult the "Warning" page on the Trademarks section of the USPTO's website for further information about unsolicited communications and to view

1

comma

representative examples of them. For general information on filing and maintenance requirements for trademark applications and registrations, including fees required by law, please consult www.uspto.gov, contact the TrademarkAssistanceCenter@uspto.gov or telephone 1-800-786-9199.

6. **LEGAL EXAMINATION PROCESS:** Your application is now pending examination. In approximately 3 months, your application will be assigned to a USPTO examining attorney for review. The application cannot mature into a registration unless all legal requirements are met, and many applications never satisfy these requirements and therefore never register. The overall process can take up to 18 months.

7. **CHECK STATUS AND REVIEW DOCUMENTS OR YOUR APPLICATION MAY BE UNINTENTIONALLY ABANDONED:** You **must** check the status and review all documents associated with your application at least every 3-4 months using Trademark Status and Document Retrieval (TSDR), available at http://tsdr.uspto.gov/.

    Promptly e-mail the TrademarkAssistanceCenter@uspto.gov or telephone 1-800-786-9199 (select option #1) if an Office action (letter from the USPTO) or notice has issued for your application that you did not receive or do not understand. Failure to respond timely to any Office action or notice may result in the abandonment of your application, requiring you to pay an additional fee to have your application revived even if you did not receive the Office action or notice.

8. **FILING ERRORS:** If you discover an error in the application data, you must file a Voluntary Amendment at http://www.uspto.gov/trademarks/teas/miscellaneous.jsp. Do **not** submit any proposed amendment to TEAS@uspto.gov, because the TEAS technical support team may not make any data changes. Please wait approximately 7 days after the filing date of your application to submit a Voluntary Amendment in order to allow for initial upload of your application data into the USPTO database. The assigned examining attorney will determine the acceptability of any Voluntary Amendment during examination. Not all errors may be corrected. For example, if you submitted the wrong mark or if the proposed correction would be considered a material alteration to your original filing, it will not be accepted. In this situation, your only recourse would be to file a new application, with a new fee and no refund of your original filing fee.

9. **REQUEST FOR REFUND AND/OR CANCELLATION:** Since your application has already been assigned a serial number, please do not contact TEAS@uspto.gov to request a refund or to cancel the filing. We will only cancel the filing and refund the filing fee if the application does not meet minimum filing requirements. The fee is a processing fee that the USPTO does not refund, even if your mark does not proceed to registration.

    In the limited situation where you inadvertently filed identical applications, one immediately after the other, because no confirmation of the first filing was received, please provide both serial numbers to the technical support team at TEAS@uspto.gov.

10. **SelectUSA:** The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The U.S. offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to promote and facilitate business investment. SelectUSA provides information assistance to the international investor community; serves as an ombudsman for existing and potential investors; advocates on behalf of U.S. cities, states, and regions competing for global investment; and counsels U.S. economic development organizations on investment attraction best practices. To learn more about why the United States is the best country in the world to develop technology, manufacture products, deliver services, and grow your business, visit SelectUSA.gov or call +1-202-482-6800.

## SUMMARY OF APPLICATION DATA FOLLOWS:

**APPLICATION DATA:** You have filed a **Trademark/Service Mark Application** for registration on the **Principal Register** using a **TEAS RF** application form.

The applicant, Los Angeles Police Protective League, a non-profit corporation legally organized under the laws of California, having an address of
    Suite 200
    1308 West Eighth Street
    Los Angeles, California 90017
    United States


requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

    International Class 016:  NEWSPAPER AND MAGAZINE PUBLISHED FOR POLICE

In International Class 016, the mark was first used by the applicant or the applicant's related company or licensee or predecessor in interest at least as early as 05/00/1996, and first used in commerce at least as early as 05/00/1996, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) Screenshots of the LAPD.com mobile version of the website showing where articles from the magazine can be viewed online and screenshots of the LAPD.com website showing where articles from the magazine can be viewed online; depicting the cover pages of the magazine and; offering archived editions of the magazine for downloading and viewing.
Specimen-1 [SPE0-69168857-20160506135840903221_._TBL_Magazine_cover.jpg ]
Specimen-2 [SPE0-69168857-20160506135840903221_._TBL.jpg ]
Specimen-3 [SPE0-69168857-20160506135840903221_._TBL_2.jpg ]
Specimen-4 [SPE0-69168857-20160506135840903221_._TBL_archive.pdf ]
Specimen-5 [SPE0-69168857-20160506135840903221_._TBL_web_site.pdf ]


The applicant's current Attorney Information:
    Leo A. Bautista and Josephine A. Brosas, Robert M. Collins, Daniel C. DeCarlo, Jonathan D. Goins, Joshua S. Hodas, Jon E. Hokanson, Craig Holden, Thomas S. Kiddé, Daniel R. Lewis, Hong Lu, Deborah F. Sirias, Steven Holtzman, Bryan P. Sugar, Stacy M. Schwartz, Jonathan S. Pink, Alex Payne, Jill Anderfuren, Travis Li, Thomas A. Dougherty of LEWIS BRISBOIS BISGAARD & SMITH LLP

    Suite 4000
    633 West Fifth Street
    Los Angeles, California 90071
    United States
The attorney docket/reference number is 21218-12.
  The applicant's current Correspondence Information:
    Leo A. Bautista
    LEWIS BRISBOIS BISGAARD & SMITH LLP
    Suite 4000
    633 West Fifth Street

Los Angeles, California 90071
213 250 1800(phone)
213 250 7900(fax)
Leo.Bautista@lewisbrisbois.com;Toni.Espinoza@lewisbrisbois.com (authorized)
**E-mail Authorization:** I authorize the USPTO to send e-mail correspondence concerning the application to the applicant or applicant's attorney at the e-mail address provided above. I understand that a valid e-mail address must be maintained and that the applicant or the applicant's attorney must file the relevant subsequent application-related submissions via the Trademark Electronic Application System (TEAS). Failure to do so will result in an additional processing fee of $50 per international class of goods/services.

A fee payment in the amount of $275 has been submitted with the application, representing payment for 1 class(es).

**Declaration**

The signatory believes that: if the applicant is filing the application under 15 U.S.C. § 1051(a), the applicant is the owner of the trademark/service mark sought to be registered; the applicant is using the mark in commerce on or in connection with the goods/services in the application; the specimen(s) shows the mark as used on or in connection with the goods/services in the application; and/or if the applicant filed an application under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e), the applicant is entitled to use the mark in commerce; the applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the goods/services in the application. The signatory believes that to the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive. The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.


**Declaration Signature**

Signature: /Kristi Eckard/   Date: 07/07/2016
Signatory's Name: Kristi Eckard
Signatory's Position: Director

_____

Thank you,

The TEAS support team
Thu Jul 07 15:54:52 EDT 2016
STAMP: USPTO/BAS-69.168.85.7-20160707155452920646-87096186-5502e1b989cf657964dbc8623ada04953b0ddfaa77edd29e1a6ffb7274b29b-CC-2383-20160628201658423759